UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHRISTOPHER CASTLE, | No. 2:24-cv-1722 CKD P |
| Petitioner, | |
| v. | ORDER |
| BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is serving a combined sentence of 180 months in prison for several offenses related to his defrauding financial institutions. 2:15-CR-0190 KJM CSK, ECF No. 795. Sentence was imposed on May 10, 2022. Id. at ECF 792. Petitioner's projected release date is April 21, 2030. ECF No. 12-1 at 15.

**I.      Petitioner's Claims**

Petitioner claims he is entitled to more sentence credit under the 2018 "First Step Act" (FSA) than is currently being applied to his sentence. Specifically, petitioner claims entitlement to:

1. 879 days additional sentence credit for time served prior to sentencing between July 10, 2017, and May 9, 2022 (claim 1).

2. 45 days additional sentence credit for time served in custody from sentencing through arrival at a F.C.I. Terminal Island on August 9, 2022 (claim 2).

1

3. 24.5 days of additional sentence credit for time served between July 12 and August 30, 2023, while petitioner was "in transit" between F.C.I. Terminal Island, via F.C.I Victorville, and F.C.I. Herlong, where petitioner currently resides (claim 3).

To be clear, petitioner does not assert he was denied credit for the actual days in custody between the dates identified above. Rather, he asserts he is entitled to extra time credits under the FSA.

## II.     Exhaustion of Administrative Remedies

Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies. A federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. E.g. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). The first step in the Federal Bureau of Prisons' (BOP) grievance process is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve desired results, the BOP makes available a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. The exhaustion requirement can be waived if pursuing such remedies would be futile. Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993). Conversely, the court requires exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." United States v. Cal. Care Corp., 709 F.2d 1241, 1248 (9th Cir. 1983).

### III. Analysis

It is undisputed that petitioner did not exhaust administrative remedies with respect to the claims currently before the court. Petitioner claims exhaustion is futile. Because the court finds that petitioner fails to state a claim upon which habeas relief can be granted, the court need not reach the question of whether exhaustion as to the present claims is futile. Petitioner will be granted leave to file an amended petition. If petitioner has not utilized the administrative process with the claims he wishes to present in his amended petition, he may seek voluntarily dismissal of this action, utilize the administrative process, and then file a new petition if he is not satisfied with the outcome of the process. If, however, petitioner believes that exhaustion is futile, he can attempt to demonstrate that in his amended petition for the court's consideration.

With respect to futility, the court notes that respondent argues that petitioner categorically cannot earn FSA credit between the date he was sentenced and his arrival at F.C.I Terminal Island, and while he was in transit between F.C.I. Terminal Island and F.C.I. Herlong. Recent district court decisions, including at least five from courts within the Ninth Circuit have rejected the first argument.[1] At least one decision from this district has rejected the second argument.[2] These decisions suggest that exhaustion of administrative remedies concerning claims akin to claims 2 and 3 is not futile.

As to the petition pending before the court, claim 1 is frivolous as it is clear under federal law that FSA credit cannot be earned pre-sentencing. 18 U.S.C. § 3632(d)(4)(B)(ii). With respect to claims 2 and 3, petitioner is not entitled to relief because petitioner fails to point to his participation in any evidence-based recidivism reduction programs ("EBRRs") or productive activities ("PAs") during the periods of time identified. See 18 U.S.C. § 3632(d)(4).

/////

---

[1] Tantuwaya v. Birkholz, No. 2:24-cv-02891-DMG (MAR), 2024 WL 4805423, at *2 (C.D. Cal. Oct 10, 2024); Jobin v. Warden F.C.I. Mendota, No. 1:23-cv-01700 WBS SKO (HC), 2024 WL 1367902, at *4 (E.D. Cal. April 1, 2024); Patel v. Barron, NO. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 5, 2023); Huihui v. Derr, No. 22-00541 JAO-RT, 2023 WL 4086073, at *5 (D. Haw. June 20, 2023).

[2] Jackson v. Doerer, No. 5:24-01353-ADS, 2024 WL 4719489, *8 (C.D. Cal. Nov. 7, 2024)

If petitioner decides to file an amended petition, petitioner should consider omitting claim 1 as there does not appear to be any way petitioner can, in good faith, assert any basis for his earning FSA credit pre-sentencing. As for claims 2 and 3, petitioner must point to participation in EBBRs and / or PAs during the periods of time identified and specifically how, under law, he is entitled to more FSA credit than is being applied to his sentence due to participation.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for expedited action with respect to his petition for writ of habeas corpus (ECF No. 14) is DENIED as moot.

2. Respondent's motion to dismiss for failure to exhaust administrative remedies (ECF No. 12) is DENIED.

3. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed. Petitioner is granted thirty days within which to file an amended petition. Failure to file an amended petition within 30 days will result in a recommendation that this action be dismissed.

4. Respondent need take no further action until directed by the court. Upon receipt of the amended petition, the court will conduct the preliminary review described in Rule 4 of the Rules Governing Section 2254 Cases.[3]

Dated: March 12, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast1722.fsa(2)

---

[3] The court determines that Rule 4 preliminary review is applicable to this case pursuant to the court's authority to so order granted in Rule 1(b) of the same rules.