UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CHRISTOPHER CASTLE,

Petitioner,

v.

BUREAU OF PRISONS,

Respondent.

No.  2:24-cv-1722 TLN CKD P

ORDER

Petitioner has informed the court that he has not received a copy of respondent's motion to dismiss.  Good cause appearing, the court will order respondent to re-serve the motion.

Petitioner requests that the undersigned recuse.  Federal law allows a judge to recuse from a matter based on a question of partiality:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. [ ¶ ]  He shall also disqualify himself . . . [¶] [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a), (b)(1).

A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him

or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [¶] The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.

Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. Sibla, 624 F.2d at 868-89. A judge's previous adverse ruling alone is not sufficient for recusal. Nelson, 718 F.2d at 321.

Petitioner claims that the undersigned should recuse because petitioner has identified the undersigned as a defendant in what he calls a 28 U.S.C. § 455 filing with the Supreme Court. As indicated above, under that statute, a judge is required to recuse if certain criteria are met. That statute does not give the Supreme Court jurisdiction to consider whether the undersigned should recuse. Therefore, any action filed by petitioner in the Supreme Court is irrelevant to this court's determination and is frivolous.

Petitioner also claims recusal is warranted because of bias arising from prior cases. The

2

undersigned has never presided over another case involving petitioner.  Petitioner claims former Judge Kimberly Mueller has intentionally turned the undersigned against petitioner.  That claim is frivolous.

Because there is no basis for the undersigned recuse, petitioner's motion for recusal will be denied.

In light of the foregoing, IT IS HEREBY ORDERED that:

1.  Within 7 days, respondent shall re-serve a copy of the February 4, 2026, motion to dismiss upon petitioner and file a certificate of service with the court.  Petitioner will then have 30 days within which to file an opposition or statement of non-opposition, and respondent 15 days to file a reply.  Petitioner's failure to file a response to the motion to dismiss will result in a recommendation that this action be dismissed without prejudice.

2.  Petitioner's request that the undersigned recuse is DENIED.

Dated:  May 21, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast1722.rec

3